PETER W. HALL, Circuit Judge, concurring in part and dissenting in part:

While I concur with my two colleagues that holding onto non-responsive documents for an extended period of time without some independent basis for retention represents an unreasonable seizure for purposes of the Fourth Amendment, I respectfully dissent from that portion of the opinion which holds that in this case the evidence should be suppressed.

The exclusionary rule is a "deterrent sanction" created by the Supreme Court to "bar[ ] the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 564 U.S. 1---, 131 S. Ct. 2419, 2423 (2011).  The Supreme Court has cautioned, however, that "exclusion [should be] 'our last resort, not our first impulse.'" *Herring v. United States*, 555 U.S. 135, 140 (2009) (quoting *Hudson v. Michigan*, 547 U.S. 586, 591 (2006)).  This is so because the rule is "'not a personal constitutional right,' nor is it designed to 'redress the injury' occasioned by an unconstitutional search[,] . . . [its] sole purpose . . . is to deter future Fourth Amendment violations." *Davis*, 131 S. Ct. at 2426 (citations omitted).  The rule specifically deters "deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." *Herring*, 555 U.S. at 144.  "To trigger the exclusionary rule, police

-1-

conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." *Id.* In general, "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule . . . . [as] the harsh sanction of exclusion 'should not be applied to deter objectively reasonable law enforcement activity.'" *Davis*, 131 S. Ct. at 2423-24, 2429 (citation omitted).

In this case, I cannot agree with the majority's determination that the Government acted in bad faith. The documents were seized pursuant to a warrant and the non-responsive documents were culled and segregated. While testimony reveals that the Government mistakenly considered the mirror images it created of the non-responsive documents as its own property, there was little caselaw either at the time of the search or in the following years to indicate that the Government could not hold onto the non-responsive material in the way it did. Where caselaw existed, the Government complied with the guidelines for the seizure and offsite search of large amounts of documents. *See United States v. Tamura*, 694 F.2d 591, 595-96 (9th Cir. 1982) (noting that "[i]n the comparatively rare instances where documents are so intermingled that they cannot feasibly be

sorted on site," the Government may seize items outside the scope of the warrant under certain conditions). What is more, the Government scrupulously avoided reviewing files that it was not entitled to review before obtaining the 2006 search warrant.

With respect to the balancing between deterrence and the cost of suppression, because the Government's actions did not violate established precedent at the time of the search, I do not perceive a need for deterrence. "[A]ll that exclusion would deter in this case is conscientious police work." *Davis*, 131 S. Ct. at 2429. Additionally, as Ganias himself stated, the evidence to be suppressed in this case would not have existed but for the Government's retention of the non-responsive materials. The evidence to be suppressed is thus, contrary to the majority's conclusion, of the same irreplaceable nature as guns or drugs. Moreover, in light of the serious and nefarious effects of money fraud crimes on society, *see, e.g.*, *United States v. Madoff*, No. 09 Crim. 213(DC), 2009 WL 3347945 (S.D.N.Y. Oct. 13, 2009), I am loathe to conclude that guns, drugs and/or contraband are the only indicia of a dangerous defendant. Accordingly, while I agree that the Government violated the defendant's Fourth Amendment rights to be free from an unreasonable seizure because it held for a prolonged period of

time mirror images of computer-generated records that were not responsive to the 2003 search warrant without returning them (or destroying them), I see no reason to suppress the evidence derived therefrom under the circumstances presented.